**Herbert L. ZIESKE et al., Plaintiffs,**

**v.**

**Earl L. BUTZ, Individually and as Secretary of Agriculture of the U. S., et al., Defendants, and Robertson and Sons, Inc., Defendant-Intervenor.**

**No. J75–2 Civil.**

United States District Court, D. Alaska.

Dec. 23, 1975.

Richard C. Folta, Haines, Alaska, Peter Ellis, William G. Royce, Jernberg & Taylor, Ketchikan, Alaska, Lane, Powell, Moss & Miller, Seattle, Wash., for plaintiffs.

L. Mark Wine, Atty., Dept. of Justice, Washington, D. C., John D. Roberts, Asst. U. S. Atty., Anchorage, Alaska, for G. Kent Edwards, U. S. Atty. for Alaska.

## ORDER

VON DER HEYDT, Chief Judge.

This cause comes before the court upon cross motions for summary judgment filed by the federal defendants, the Ketchikan Pulp Company, and plaintiffs. The court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1361 with review predicated upon the Administrative Procedure Act, 5 U.S.C. §§ 701–706 and the Declaratory Judgment Act, 28 U.S.C. § 2201 and § 2202. Since the facts are well known to the parties, they will not be reiterated here.

This cause earlier came before the court on February 24, 1975, upon plaintiffs' motion for preliminary injunctive relief which, on the showing then made, was denied. Findings of fact and conclusions of law were entered on March 7, 1975.

The court has determined that there are no genuine issues of material fact in this case and that accordingly summary judgment is the proper method by which to decide both the plaintiffs' and the defendants' claims. *Radobenko v. Automated Equipment Corporation,* 520 F.2d 540 (9th Cir. 1975).

■ After careful review of the administrative record, the affidavits of the various parties which establish standing as well as the injury that may be caused by the granting or denying of injunctive relief, and the extensive briefs, the court finds that the defendants are entitled to summary judgment on plaintiffs' claims alleging violations of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.,* the Multiple-Use, Sustained-Yield Act, 16 U.S.C. § 528 *et seq.,* the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.,* and section 13 of the Refuse Act, 33 U.S.C. § 407. N. E. P. A. fully has been complied with under the standards set forth in *Trout Unlimited v. Morton,* 509 F.2d 1276 (9th Cir. 1974). The court cannot find that the Secretary has abused his discretion in striking the balance adopted by him under the Multiple-Use, Sustained-Yield Act, 16 U.S.C. §§ 528–531. Plaintiffs must fail their P.W.P.C.A. claims because the instant action does not fall within the category of allowable citizen suits under 33 U.S.C. § 1365. Concerning plaintiffs' Refuse Act claim, 33 U.S.C. § 407, while at least some of the plaintiffs have standing, the court finds that the complained of activity in the instant case falls within the "public works" exception to the Refuse Act. *See, Alameda Conservation Association v. State of California,* 437 P.2d 1087 (9th Cir. 1971); *Sierra Club v. Leslie Salt Co.,* 354 F.Supp. 1099 (N.D.Cal. 1972); *but see, Connecticut Action Now, Inc. v. Roberts Plating Co.,* 457 F.2d 81 (2nd Cir. 1972).

■ While the defendants are entitled to summary judgment on the aforementioned claims, the court has determined that plaintiffs must prevail upon their Organic Act claims, 16 U.S.C. §§ 475–482. The interpretation given 16 U.S.C. § 476 by the United States Court of Appeals for the Fourth Circuit in *West Virginia Division of the Izaak Walton League of America, Inc. v. Butz,* 522 F.2d 945 (1975), *affirming* 367 F.Supp. 422 (N.D.W.Va.1973), is found to be correct although it may not coincide with the concept of the Forest Service as to sound timber management. That matter, however, is for Congress rather than the Courts to decide.

The Organic Act claims are properly before this court. Plaintiffs, while not specifically raising the Organic Act by name during their administrative appeals, did complain that the new five year plan allowed clearcutting. This action was sufficient, particularly since no good purpose is to be served by remanding the matter to the Forest Service. The issue is one purely of statutory interpretation. Additionally, the court has considered carefully the defendants' claims of laches. On the uncontested facts the court finds laches inapplicable. Plaintiffs diligently pursued their administrative remedies, and when those proved ineffective, immediately proceeded to this court. There was no harm to plaintiffs and they accordingly may have been without standing to raise the Organic Act issue until cutting units were proposed on the area of Prince of Wales Island utilized by them. When such units were established, plaintiffs moved with sufficient dispatch to prevent the application of laches to an otherwise meritorious claim. Further, while this result undoubtedly will cause severe economic consequences to some of the defendants, the court cannot condone a continuous violation of the Organic Act for the ensuing twenty-six years.

The defendants contend that most of the timber to be cut is large, dead, or mature, but it cannot seriously be contended that many small, young trees are not being cut. Additionally, it is admitted that the trees to be cut are not individually marked in order to assure that only dead, large or physiologically mature trees are cut. Accordingly, the court finds that a permanent injunction should issue barring the cutting of trees other than those which are large, physio-logically matured, or dead and requiring such trees to be individually marked prior to cutting.

Plaintiffs' counsel shall prepare and submit an appropriate proposed order granting final injunctive relief limited to the area northwest of an imaginary line extending from the southeast point of Calder Bay to the south end of Red Lake and including the shorelines and drainages of Calder Bay, Red Bay and Red Lake. Additionally, the proposed order shall contain a provision such as that found in footnote 4, p. 947 of *West Virginia Division of the Isaak Walton League of America, Inc. v. Butz, supra,* 522 F.2d 945, in order to insure that the legitimate activities of the Forest Service are not infringed. Such proposed order shall be submitted to the court within twenty days of the date of this order.

Plaintiffs also have sought a declaration that certain provisions of the Ketchikan Pulp Company Timber Sale Contract No. A10fs–1042 are in violation of the Organic Act. The court finds that sections 4 and 9 of said contract are in violation to the extent that such authorize the cutting of trees that are not individually marked, and to the extent that they allow the purchaser the option to cut trees that are not large, physiologically mature, or dead.

Accordingly, in conformity herewith,

It is ordered:

1. That defendants' motions for summary judgment are granted in part and denied in part.

2. That plaintiffs' motion for summary judgment is granted in part and denied in part.